**UNITED STATES v. ROLFSON et al.**

No. 5922.

Circuit Court of Appeals, Ninth Circuit.

Feb. 24, 1930.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., and James T. Rahily, Associate Counsel, of Washington, D. C.

Stuart H. Elliott and H. G. & Dix H. Rowland, all of Tacoma, Wash., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

It is alleged that the plaintiffs and appellees are part Indian blood of the Quinaielt Indian Tribe residing in Grays Harbor county; that plaintiffs have always been recognized as such by the Quinaielt Indians; that they belong to the Lower Chehalis branch of the Quinaielt Tribe; that said plaintiffs belong to and are associated with and affiliated with the associated bands and tribes of fish-eating Indians of the Pacific Coast and Western Washington. The court awarded the allotments prayed for and thus, in effect, found that the plaintiffs were Lower Chehalis Indians. It appears from the evidence that the appellee Lizzie Rolfson was born in 1870 of white father, and a Chehalis (Upper or Lower) Indian mother, on her father's homestead; that in 1887 she married a white man named Smith; and that two plaintiffs, Alvin Smith and Eugene Smith, are her sons by this marriage. In 1903 she married another white man, and in 1907, after his death, married a third husband, a white man. In 1918 she made an application to the Quinaielt Indians for enrollment, together with her children and grandchildren, on the ground that she was a member of the Chehalis Tribe of Indians, and also made application for adoption by the tribe. The application for adoption was refused and the refusal was approved by the Secretary of the Interior.

The children of Lizzie Rolfson are American citizens and not entitled to an allotment as Indians unless they were adopted by the tribe. See companion case U. S. v. Walkowsky, 38 F.(2d) 805. Recognition of the Indian blood of the children, no matter how made, would not be the equivalent of an adoption. We are of opinion that the grandchildren of an Indian woman married to a white man, even though their father may be a white man and their mother thus of part Indian blood, are not included within the purview of 25 USCA § 184, and that their rights, if any, in the tribal property must be by reason of their adoption by the tribe.

This leaves for consideration only the question of Lizzie Rolfson, the mother. Her application for recognition and for adoption in the Quinaielt Indian Tribe was rejected. If, however, her mother was a Lower Chehalis Indian, recognized as such, as required by 25 USCA § 184, Lizzie Rolfson, as her child, by her husband, a white man, would be entitled to an allotment, as it is stipulated that Lower Chehalis Indians are entitled to allotment upon the Quinaielt Reservation. Lizzie Rolfson's mother lived with her white husband upon his homestead at the time of the birth of Lizzie Rolfson. The appellant's position is that if Lizzie Rolfson's mother "had been tribally recognized 'by blood' at the time of her death, then her daughter, Lizzie Rolfson, of white paternity, would in such event, have had rights in the property of the tribe that had so extended its recognition to her mother under the act of June 17, 1897." 25 USCA § 184. This position is undoubtedly sound. It appears from the memorandum opinion that the trial court was of the opinion that Lizzie Rolfson's mother was recognized as a member of the Chehalis Indian Tribe previous to her death by reason of her residence among, and her accepted association with, these Indians. We are not disposed to disturb the conclusion of the trial court. The rights of her children, as is held in the Halbert Case filed herewith, do not come within the purview of 25 USCA § 184, and, unless they have been formally adopted by one of the tribes entitled to an allotment upon the Quinaielt Indian reservation, would not be entitled to an allotment thereon, and even in the case of such an adoption it would be essential that they be resident thereon at the time of their application.

Decree reversed as to all the appellants except Lizzie Rolfson, and it is affirmed as to her.